UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANETRIUS J. TOLLIVER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No.: 1:18-CV-150-HSM |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM OPINION**

Federal inmate Danetrius J. Tolliver has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, to which the United States has responded. Tolliver has not filed a reply, and the deadline to do so has passed. Having considered the pleadings and the record, along with the relevant law, the Court finds that there is no necessity for an evidentiary hearing[1], and Tolliver' § 2255 motion will be denied.

**I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

After "drinking and using cocaine" one evening in 2016, Tolliver kicked open the door of an occupied house to "settle a score" with one of the residents [Doc. 19 pp. 1-2 in No. 1:16-CR-42]. The occupants called the police, and Tolliver fled, with the police in pursuit [*Id.*]. The chase ended when Tolliver crashed his truck [*Id.* at 2]. Inside Tolliver's truck, police found a stolen firearm [*Id.*]. Tolliver admitted that he had been carrying the firearm during the home invasion

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

and subsequently pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) [*Id*. at 2; Doc. 20 in No. 1:16-CR-42].

Based on his five prior Tennessee burglary convictions, Tolliver was deemed an armed career criminal under the Armed Career Criminal Act ("ACCA") [Doc. 30 ¶¶ 30-31 in No. 1:16-CR-42]. Tolliver objected to the classification, arguing, in part, that Tennessee burglary is not a violent felony under the ACCA [Doc. 23 p. 3-4 in No. 1:16-CR-42]. This Court rejected that argument and sentenced Tolliver to 180 months' imprisonment [Doc. 46 p. 20-27 in No. 1:16-CR-42; Doc. 38 in No. 1:16-CR-42]. The Sixth Circuit affirmed Tolliver's conviction and sentence on appeal, and the Supreme Court denied certiorari [Docs. 48 and 52 in No. 1:16-CR-42].

In July 2018, Tolliver filed the instant motion contesting his armed career criminal classification in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Mathis v. United States*, 136 S. Ct. 2243 (2016), *and Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) [Docs. 1 and 2]. The Court ordered the United States to respond to the motion, and it did so by filing its response on May 10, 2019 [Doc. 8]. Tolliver did not file a reply [*See* Doc. 5].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

2

## III. DISCUSSION

The ACCA requires a 15-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another") (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague and violative of due process. *Johnson*, 135 S. Ct. at 2563. However, *Johnson* did not invalidate "the remainder of the Act's definition of a violent felony." *Id*. Therefore, for a § 2255 petitioner to obtain relief under *Johnson*, he must show that his ACCA-enhanced sentence was necessarily based on a predicate violent felony that only qualified as such under the residual clause. *See, e.g., Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 6018). Accordingly, post-*Johnson*, a defendant can properly receive an ACCA-enhanced sentence based either on the statute's use-of-force or enumerated-offense clauses. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (affirming ACCA sentence where prior convictions qualified under use-of-force and enumerated-offense clauses).

In evaluating whether a conviction qualifies as a predicate offense under the ACCA's enumerated-offense clause, courts apply a "categorical approach," which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 570

U.S. 254, 257 (2013). If the statute of conviction is broader than that criminalizing the generic offense, then it cannot qualify as a violent felony, regardless of the facts comprising the offense. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

A burglary offense constitutes a predicate offense for purposes of the enumerated-offense clause of the ACCA when the offense's statutory definition substantially corresponds to the "generic" definition of burglary, which the Supreme Court has defined as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).

Tolliver's claim that his prior Tennessee convictions for Class D burglary can no longer be counted as violent felonies after the Supreme Court's decisions in *Johnson* and *Mathis* fails. Both of these cases were decided before Tolliver's direct appeal was finalized, and the Sixth Circuit determined that his prior Tennessee burglary convictions qualified as violent felonies [Doc. 48 in No. 1:16-CR-42]. Moreover, the Supreme Court has held that aggravated burglary under Tennessee law is generic burglary within the meaning of the ACCA, and thus, a conviction under the statute is a violent felony under the ACCA's enumerated-offense clause. *United States v. Stitt*, 139 S. Ct. 399, 406-07 (2018). Finally, *Dimaya* offers Tolliver no relief, as it did not modify any portion of the ACCA, but rather, invalidated the residual clause in 18 U.S.C. § 16(b)'s definition of "crime of violence." *Dimaya*, 138 S. Ct. at 1215-16. Therefore, Tolliver's burglary convictions qualify as ACCA predicates, and he is properly classified as an armed career criminal.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Tolliver must obtain a COA before

4

he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Tolliver has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment Order will enter.**

                                  */s/ Harry S. Mattice, Jr.*
                                  HARRY S. MATTICE, JR.
                                  UNITED STATES DISTRICT JUDGE